SOMACH SIMMONS & DUNN, PC
A Professional Corporation
PAUL S. SIMMONS, ESQ. (SBN 127920)
JARED S. MUELLER, ESQ. (SBN 257659)
500 Capitol Mall, Suite 1000
Sacramento, CA 95814
Telephone: (916) 446-7979
Facsimile: (916) 446-8199
psimmons@somachlaw.com
jmueller@somachlaw.com

Attorneys for [Proposed] Defendant-Intervenor
KLAMATH WATER USERS ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUROK TRIBE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, and INSTITUTE FOR FISHERIES RESOURCES,<br><br>                    Plaintiffs,<br><br>        v.<br><br>U.S. BUREAU OF RECLAMATION and NATIONAL MARINE FISHERIES SERVICE,<br><br>                    Defendants.<br><br>KLAMATH WATER USERS ASSOCIATION,<br><br>        [Proposed] Defendant-Intervenor. | Case No. 3:19-cv-04405-WHO<br>(Related Case No. 3:16-cv-04294-WHO)<br>(Related Case No. 3:16-cv-06863-WHO)<br><br>KLAMATH WATER USERS ASSOCIATION'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Judge:  Honorable William H. Orrick<br>Hearing Date:    November 13, 2019<br>Hearing Time:    2:00 p.m.<br>Courtroom:        2, 17th Floor |

SOMACH SIMMONS & DUNN
A Professional Corporation

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO INTERVENE..........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO INTERVENE ................................................................................................................. 2

I.      INTRODUCTION ...................................................................................................... 2

II.     STATEMENT OF FACTS .......................................................................................... 3

III.    STATEMENT OF INTEREST .................................................................................... 5

IV.     ARGUMENT ............................................................................................................. 6

        A.      Intervention as of Right Should Be Granted Pursuant to FRCP 24(a)(2) .............. 6

                1.      Applicant's Motion Is Timely.................................................................. 7

                2.      Applicant Has a Significant Protectable Interest Relating to
                        Plaintiffs' First Amended Complaint ........................................................ 8

                3.      Disposition of the Action May, as a Practical Matter, Impair or
                        Impede Applicant's Ability to Protect Its Interests.................................. 10

                4.      Applicant's Interests Are Not Adequately Represented by the
                        Existing Parties .................................................................................... 11

        B.      Alternatively, Permissive Intervention Should Be Granted Pursuant to
                FRCP 24(b)(2).......................................................................................... 13

V.      CONCLUSION ....................................................................................................... 15

SOMACH SIMMONS & DUNN
A Professional Corporation

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*California v. Tahoe Reg'l Planning Agency*,
    792 F.2d 775 (9th Cir. 1986)...............................................................................11, 12

*Cty. of Fresno v. Andrus*,
    622 F.2d 436 (9th Cir. 1980)..................................................................................8

*Forest Conservation Council v. U.S. Forest Service*,
    66 F.3d 1489 (9th Cir. 1995)........................................................................ 7, *passim*

*Freedom from Religion Found., Inc. v. Geithner*,
    644 F.3d 836 (9th Cir. 2011)..................................................................................7

*Hilao v. Estate of Marcos (In re Estate of Ferdinand E. Marcos Human Rights Litig.)*,
    536 F.3d 980 (9th Cir. 2008)..................................................................................7

*Kandra v. United States*,
    145 F. Supp. 2d 1192 (D. Or. 2001) ...............................................................6, 13

*Klamath Irrigation Dist. v. United States*,
    348 Or. 15 (2010) .................................................................................................9

*Klamath Water Users Ass'n v. Patterson*,
    15 F. Supp. 2d 990 (D. Or. 1998) .........................................................................13

*Klamath Water Users Protective Ass'n v. Patterson*,
    204 F.3d 1206 (9th Cir. 1999)...............................................................................6

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997)...............................................................................7

*N. Hempstead v. N. Hills*,
    80 F.R.D. 714 (E.D.N.Y. 1978) ...........................................................................12

*N.Y. Pub. Interest Research Grp., Inc. v. Regents of Univ. of N.Y.*,
    516 F.2d 350 (2d Cir. 1975)..................................................................................12

*Nat. Res. Def. Council v. Costle*,
    561 F.2d 904 (D.C. Cir. 1977) ..............................................................................11

*Nevada v. United States*,
    463 U.S. 110 (1983).............................................................................................9

*New England Petroleum Corp. v. Fed. Energy Admin.*,
    71 F.R.D. 454 (S.D.N.Y. 1976) .....................................................................12, 13

SOMACH SIMMONS & DUNN
A Professional Corporation

*Nw. Forest Res. Council v. Glickman*,
   82 F.3d 825 (9th Cir. 1996)..................................................................................8

*Or. Nat. Res. Council v. Bureau of Reclamation*,
   No. 92-35042, 1992 U.S. App. LEXIS 32177 (9th Cir., Nov. 25, 1992) ..................6

*Pac. Coast Fed'n of Fishermen's Ass'ns v. U.S. Bureau of Reclamation*,
   138 F. Supp. 2d 1228 (N.D. Cal. 2001) ...............................................................6

*Perry v. Schwarzenegger*,
   630 F.3d 898 (9th Cir. 2011)..............................................................................14

*Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*,
   921 F.2d 924 (9th Cir. 1990)................................................................................7

*Sierra Club v. United States EPA*,
   995 F.2d 1478 (9th Cir. 1993)..............................................................................8

*Silver v. Babbitt*,
   166 F.R.D. 418 (D. Az. 1994) ...........................................................................14

*Smith v. Pangilinan*,
   651 F.2d 1320 (9th Cir. 1980)..............................................................................8

*Spangler v. Pasadena City Bd. of Educ.*,
   552 F.2d 1326 (9th Cir. 1977)............................................................................14

*Sw. Ctr. for Biological Diversity v. Berg*,
   268 F.3d 810 (9th Cir. 2001)................................................................................7

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004)................................................................................7

*United States v. City of L.A.*,
   288 F.3d 391 (9th Cir. 2002)...........................................................................7, 10

*United States v. Imperial Irrigation Dist.*,
   559 F.2d 509 (9th Cir. 1977)................................................................................9

*United States v. Oregon*,
   839 F.2d 635 (9th Cir. 1988)..............................................................................12

*United States v. Washington*,
   86 F.3d 1499 (9th Cir. 1996)................................................................................7

*Wilderness Soc'y v. U.S. Forest Serv.*,
   630 F.3d 1173 (9th Cir. 2011)..............................................................................7

**SOMACH SIMMONS & DUNN**
A Professional Corporation

**Statutes**

**Federal**

5 U.S.C. section
    551-559 ..............................................................................................................2
    701-706 ..............................................................................................................2

16 U.S.C. section
    1531-1544 ..........................................................................................................2
    1536(a)(2) ...........................................................................................................4
    1536(b)(3) ...........................................................................................................4
    1536(b)(4) ...........................................................................................................5

42 U.S.C. section
    4321-4370h .........................................................................................................2

43 U.S.C. section
    371-600e .............................................................................................................3
    601 .....................................................................................................................9
    610-12 ................................................................................................................9

**State**

Cal. Wat. Code section
    23195-23289 .......................................................................................................4
    25500-25725 .......................................................................................................4

Or. Rev. Stat.
    545.381 ...............................................................................................................4
    545.391 ...............................................................................................................4

**Court Rules**

Federal Rules of Civil Procedure
    24(a) ...................................................................................................................7
    24(a)(2) .....................................................................................................3, 6, 9, 10
    24(b)(2) .....................................................................................................3, 13, 14

**Other Authorities**

7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE,
    FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d (1986), section
    1908...................................................................................................................10
    1911...................................................................................................................14
    1913...................................................................................................................14
    1916...................................................................................................................7

SOMACH SIMMONS & DUNN
A Professional Corporation

## NOTICE OF MOTION AND MOTION TO INTERVENE

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on Wednesday, November 13, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2, 17th Floor, at the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Klamath Water Users Association (the Association) will move this Court for an order granting leave to intervene in this matter as a defendant, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure (FRCP) or, alternatively, Rule 24(b)(2) on the following grounds:

1.       Applicant is entitled to intervene as a matter of right pursuant to FRCP 24(a)(2) because this motion is timely; Applicant has significant protectable interests relating to the properties and/or transactions which are the subject of this action; Applicant is so situated that the disposition of this action may, as a practical matter, impair or impede its ability to protect those interests; and, Applicant's interests are not adequately represented by the existing parties.

2.       Alternatively, Applicant should be permitted to intervene pursuant to FRCP 24(b)(2) because this motion is timely; Applicant's proposed Answer raises questions of law and fact which are common with those in the main action; and, Applicant's intervention will not unduly delay or prejudice the rights of the original parties.

Counsel for Applicant contacted the parties regarding its respective positions on this motion.  Plaintiffs represented that they do not anticipate opposing intervention, and Defendants represented that they anticipate taking no position, in both cases, pending review of the motion itself.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Tricia Hill filed in support of the motion, the proposed Answer in Intervention lodged herewith, all the pleadings and records on file herein, and on such other and further documentary or oral evidence as may be presented at the hearing of this motion.

DATED:  October 4, 2019

SOMACH SIMMONS & DUNN, PC

By   _s/ Paul S. Simmons_

Paul S. Simmons, Attorneys for
[Proposed] Defendant-Intervenor
Klamath Water Users Association

SOMACH SIMMONS & DUNN
A Professional Corporation

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO INTERVENE**

## I.    INTRODUCTION

Applicant seeks to intervene in this action to protect its significant interests related to water made available through the Klamath Project (Project).

Plaintiffs challenge alleged actions or inactions of the federal agency Defendants related to a March 29, 2019 biological opinion (2019 BiOp) issued by the National Marine Fisheries Service (NMFS) concerning the Project and the United States' Bureau of Reclamation's (Reclamation) determination to adopt a plan of operation related to the Project.  In short, Plaintiffs allege that Reclamation, in its actions relating to the operation of the Project, is acting in violation of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706 (APA); the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321-4370h (NEPA); and the Endangered Species Act of 1973 (16 U.S.C. §§ 1531-1544) (ESA).  Among other things, Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (Doc. 17) seeks: an order declaring that the 2019 biological opinion (BiOp) is arbitrary, capricious, and contrary to the ESA and its implementing regulations; an order declaring the limits NMFS set for allowable take in the incidental take statement accompanying the 2019 BiOp are arbitrary, capricious, and contrary to the ESA and its implementing regulations; an order vacating and remanding to NMFS the 2019 BiOp and take limits with instructions for NMFS to reopen and complete reinitiated consultation; an order reinstating the 2017 injunction issued by this Court for the duration of the reinitiated consultation or, in the alternative, to enjoin Reclamation to provide sufficient flows to prevent irreparable harm to Southern Oregon/Northern California Coast Coho Salmon (Coho) and Southern Resident Killer Whales (Orcas) during the time it will take to complete reinitiated formal consultation; an order declaring Reclamation's environmental assessment (EA) and finding of no significant impact (FONSI) arbitrary and capricious and contrary to NEPA; and an award of Plaintiffs' reasonable fees, expenses, costs, and disbursements and various other forms of relief.

SOMACH SIMMONS & DUNN
A Professional Corporation

Plaintiffs' allegations of noncompliance with the ESA and other laws, disputed by Applicant, threatens Applicant's interests.  Most obviously, the limitations on irrigation water delivery being sought by Plaintiffs, including limitations on the continued use and distribution of Project water for irrigation, would cause great damage to Applicant and its member irrigation districts and their patrons  The Applicant could not have a more exemplary protectable interest to justify intervention; this litigation directly seeks to diminish the supply of water available to Applicant's members, and may affect their interests in other ways both directly and indirectly. Thus, Applicant is entitled to intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure (FRCP) because: this motion is timely; Applicant has significantly protectable interests relating to the properties and/or transactions which are the subject of this action; Applicant is so situated that the disposition of this action may, as a practical matter, impair or impede its ability to protect those interests; and Applicant's interests are not adequately represented by the existing parties.

Alternatively, Applicant should be permitted to intervene pursuant to FRCP 24(b)(2) because: this motion is timely; Applicant's proposed Answer raises questions of law and fact which are common with those in the action; and, the Applicant's intervention will not unduly delay or prejudice the original parties' rights.

Applicant is an Intervenor in the related cases *Yurok Tribe v. United States Bureau of Reclamation, et al*., case no. 16-CV-06863-WHO (N.D. Cal.), and *Hoopa Valley Tribe v. United States Bureau of Reclamation, et al.,* case no. 16-CV-04294-WHO (N.D. Cal).

## II.    STATEMENT OF FACTS

The Project, which straddles the Oregon/California border in Oregon's Klamath County and California's Siskiyou and Modoc Counties, was one of the earliest federal reclamation projects authorized under provisions of the Reclamation Act of 1902, 43 U.S.C. §§ 371-600e. Declaration of Tricia Hill in Support of Klamath Water Users Association's Motion to Intervene (Hill Decl.) at ¶ 2.  The Project area includes approximately 200,000 acres of irrigable lands, the great majority of which are irrigated with water from the Klamath River and Upper Klamath Lake, which stores water of the Klamath River system.  Doc. 17 at ¶ 35; Hill Decl. at ¶ 8.

SOMACH SIMMONS & DUNN
A Professional Corporation

1   Reclamation constructed and owns significant features of the Project, and has entered into

2  contracts with irrigation districts and similar entities, and with private individuals, for delivery of

3  water through, or made available by, Project facilities.  Hill Decl. at ¶¶ 8-9.  In addition, under

4  some of these same contracts, irrigation districts have assumed the responsibility for operation

5  and maintenance of Project works.  *Id.* at ¶ 8.  The contracting irrigation districts deliver water to

6  landowners for their use in irrigation.  *Id.*  The districts assess landowners for costs of operating

7  and maintaining the system, and for costs that the districts reimburse to Reclamation.  *See, e.g.*,

8  Or. Rev. Stat. § 545.381 (providing Oregon irrigation districts with the authority to assess

9  landowners for the costs of operating and maintaining irrigation systems); *id.* § 545.391 (allowing

10  Oregon irrigation districts to make assessments for contracts with the United States); Cal. Wat.

11  Code, §§ 23195-23289, 25500-25725 (California irrigation district authority for assessments, and

12  contracts and payments with United States).  The overall value of agricultural production in the

13  Upper Klamath Basin, which includes the Project area, exceeds $600 million annually, most of

14  which is associated with the Project area, and agriculture in the Upper Klamath Basin both

15  directly and indirectly provides nearly 5,000 jobs.  Hill Decl. at ¶ 3.

16   Under section 7(a)(2) of the ESA, Reclamation has the substantive obligation to ensure its

17  actions associated with operation of the Project do not jeopardize the continued existence of

18  species listed as endangered or threatened, or destroy or adversely modify their designated critical

19  habitat.  16 U.S.C. § 1536(a)(2).  The species potentially affected by the Project operations

20  include Coho, which occupies portions of the Klamath River well downstream of the Project, and

21  Orcas.  Doc. 17 at ¶ 1; Hill Decl. at ¶ 8.  Reclamation must consult with, and obtain a biological

22  opinion from, NMFS as to whether Reclamation's actions will be consistent with Reclamation's

23  substantive ESA obligations.  16 U.S.C. § 1536(b)(3).  There are various disputed issues, not

24  relevant to the instant motion, concerning the nature and extent of Reclamation's specific ESA

25  and other legal obligations.  However, of relevance here, in 2019, NMFS issued a biological

26  opinion concluding that Reclamation's proposed actions associated with the operation of the

27  Project would not jeopardize the continued existence of Coho and Orcas.  Biological Opinion on

28  the Effects of Proposed Klamath Project Operations from April 1, 2019, through March 31, 2024,

on the Lost River Sucker and the Shortnose Sucker (March 2019), *see* Doc. 17 at ¶¶ 96, 103-104.

Having issued the non-jeopardy biological opinion, NMFS was also obliged to issue an incidental

take statement (ITS) authorizing any incidental take of the species that might yet occur

notwithstanding the non-jeopardy determination. 16 U.S.C. § 1536(b)(4). After receipt of the

BiOp, Reclamation adopted the Final Environmental Assessment for the Implementation of

Klamath Project Operating Procedures, 2019-2024, which Plaintiffs contend to be in violation of

Reclamation's obligations under the ESA and NEPA.

In this action, Plaintiffs allege that Coho have experienced high mortality caused by

disease and that low stream flow conditions have been a factor in those conditions. Doc. 17 at

¶¶ 66, 69, 76-78, 103, 106-107, 133, 179. Plaintiffs contend that the amount of take authorized

by the ITS is excessive and based on a model that has not undergone peer review. *Id.* at ¶¶ 3, 76-

78. Plaintiffs allege that the Defendants are thus in violation of the ESA and other laws. *Id.* at

¶¶ 91-156. Plaintiffs seek a determination that Defendants have acted illegally and granting

injunctive relief declaring the 2019 BiOp violates the APA and the ESA, declaring the limits of

incidental take by NMFS violates the APA and ESA, vacating the 2019 BiOp and take limits and

remand back to NMFS, reinstating the 2017 injunction issued by this Court for the duration of the

reinitiated consultation, or in the alternative enjoin Reclamation to provide sufficient flows to

prevent irreparable harm to Coho and Orcas during the completion of a reinitiated formal

consultation, and declaring that Reclamation's EA and FONSI violate NEPA and the APA.

Doc. 17 at Prayer for Relief. Plaintiffs additionally seek declaratory relief to the effect that

Defendants are in violation of various legal obligations in connection with the Project. *Id.*

### III.    STATEMENT OF INTEREST

The Association is a not-for-profit corporation organized under Oregon law. Its members

include 11 irrigation districts and similar entities in Klamath County, Oregon, and Modoc and

Siskiyou Counties, California, who are parties to contracts with Reclamation for delivery of water

through Project facilities. Hill Decl. at ¶¶ 2, 9. These entities rely on water from the Klamath

River system. *Id.* at ¶ 9. Formed in 1953 under the name Klamath Basin Water Users Protective

Association, the Association's mission is "to preserve, and enhance the viability of irrigated

SOMACH SIMMONS & DUNN
A Professional Corporation

1    agriculture for our membership in the Klamath Basin, for the benefit of current and future

2    generations." *Id*. at ¶ 2. Its primary objective is to ensure protection of the water and power for

3    persons in the Klamath Basin and particularly the Project. *See id*. The members of the individual

4    districts are farmers and ranchers who depend upon water supplied by the Project to irrigate their

5    crops. In turn, local communities and wildlife populations are dependent on Project water

6    supplies for their continued viability. *See id.* at ¶¶ 3, 11-13.

7       This Court has previously recognized the Association's interests in matters pertaining to

8    Project water supply by granting its motion to intervene in litigation involving Klamath Project

9    operations. *See, e.g.*, *Yurok Tribe v. United States Bureau of Reclamation, et al*., case

10    no. 16-CV-06863-WHO (N.D. Cal.), and *Hoopa Valley Tribe v. United States Bureau of*

11    *Reclamation, et al.,* case no. 16-CV-04294-WHO (N.D. Cal.); *Pac. Coast Fed'n of Fishermen's*

12    *Ass'ns v. U.S. Bureau of Reclamation*, 138 F. Supp. 2d 1228 (N.D. Cal. 2001). In addition, the

13    Association, members of the Association, and the landowners served by the Association's

14    member districts have been involved as a party in other litigation concerning Project water, the

15    ESA, and related issues. *See, e.g., Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d

16    1206 (9th Cir. 1999) (Association and Association members as plaintiffs); *Kandra v. United*

17    *States*, 145 F. Supp. 2d 1192 (D. Or. 2001) (Association and Association members as plaintiffs);

18    *Or. Nat. Res. Council v. Bureau of Reclamation*, No. 92-35042, 1992 U.S. App. LEXIS 32177

19    (9th Cir., Nov. 25, 1992) (Association as intervenor).

20                                 **IV. ARGUMENT**

21   **A. Intervention as of Right Should Be Granted Pursuant to FRCP 24(a)(2)**

22       The Ninth Circuit has adopted a four-part test for determining whether an applicant can

23    intervene as of right pursuant to FRCP 24(a)(2):

24         (1)      the application for intervention must be timely;

25         (2)      the applicant must have a significant protectable interest relating to the property or

26    transaction that is the subject of the action;

27         (3)      the applicant must be so situated that disposition of the action may, as a practical

28    matter, impair or impede the applicant's ability to protect that interest; and,

*(sidebar)* **SOMACH SIMMONS & DUNN**
A Professional Corporation

(4)      the applicant's interest must not be adequately represented by the existing parties to the action.  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011); *Hilao v. Estate of Marcos (In re Estate of Ferdinand E. Marcos Human Rights Litig.)*, 536 F.3d 980, 984 (9th Cir. 2008); *United States v. City of L.A.,* 288 F.3d 391, 397 (9th Cir. 2002) (citing *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998)).

The Ninth Circuit interprets and applies the rule broadly in favor of intervention.  *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996); *United States v. City of L.A.,* 288 F.3d at 398-99 (citing *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1496 (9th Cir. 1995)), *overruled on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990) ("Rule 24(a) is construed broadly, in favor of the applicants for intervention.").[1]

### 1.      Applicant's Motion Is Timely

In assessing the element of timeliness, the Court considers three factors: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene.  *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  There has been no delay in filing this motion; therefore, analysis of the third factor is not required.

Consideration of the stage of the proceedings focuses on what has already transpired.  While intervention may be granted as of right after substantive proceedings have already occurred, a motion to intervene filed before any substantive proceedings have taken place and before the Court has substantially engaged the issues, is timely.  7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d, § 1916 at 435-43 (1986) (Wright, Miller & Kane).

---

[1] In addition, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

SOMACH SIMMONS & DUNN
A Professional Corporation

The First Amended Complaint in this matter was filed on September 30, 2019.  *See*
Doc. 17.  The instant motion has been filed very soon thereafter, and well before any substantive
motions have been filed or substantive hearings have been held.  Because there has been no delay
in filing this motion, there can be no prejudice to the existing parties caused by delay.  The
existing parties are not prejudiced "since the motion was filed before the district court ha[s] made
any substantive rulings."  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996).
No existing party will be prevented from taking any action or otherwise hindered from pursuing
their claims or defenses.  Accordingly, Applicant's motion to intervene is timely.

**2.    Applicant Has a Significant Protectable Interest Relating to Plaintiffs' First Amended Complaint**

In order to demonstrate a significant protectable interest, an intervenor must establish that
its interests are legally protectable and related to the claims at issue.  *Nw. Forest Res. Council v.
Glickman*, 82 F.3d at 837 (citing *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)),
*aff'd sub nom. Greene v. Babbitt,* 64 F.3d 1266 (9th Cir. 1995); *Sierra Club v. United States EPA*,
995 F.2d 1478, 1482, 1484 (9th Cir. 1993), *overruled on other grounds by Wilderness Soc'y v.
United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *see also Smith v. Pangilinan,* 651 F.2d
1320, 1324 (9th Cir. 1980) (an applicant "need not show that he has a legal or equitable interest in
jeopardy . . . [but] must show that he has a 'protectable interest' in the outcome of the litigation of
sufficient magnitude to warrant inclusion in the action.") (citations omitted).

Simply stated, the Applicant has an interest in its members having sufficient water, and
that interest is at stake in this case.  Plaintiffs seek relief that relates to Project operations
involving the supply of water available for use in the Project area, including, but not limited to,
water used by the Applicant's members and their patrons.  In *Cty. of Fresno v. Andrus*, 622 F.2d
436 (9th Cir. 1980), the court allowed an organization of small farmers to intervene in a challenge
to federal reclamation laws because the parties were "precisely those Congress intended to protect
with the reclamation acts and precisely those who will be injured."  *Id.* at 438.  Here, Applicant is
an organization that exists for the purpose of protecting irrigation water supplies for districts and
persons who receive and use water from the Project to grow crops and make their living.  They

SOMACH SIMMONS & DUNN
A Professional Corporation

1    will be injured if diversions from the Project are reduced or cut off.  Intervention has been granted

2    to parties with interests substantially less than those of the Applicant in other suits brought against

3    federal agencies.  For instance, non-landowning residents, who desired to purchase agricultural

4    land in an area where agriculture was feasible only because of federal irrigation projects, were

5    held to have sufficient interests to qualify as intervenors of right under FRCP 24(a)(2).  *United*

6    *States v. Imperial Irrigation Dist.*, 559 F.2d 509, 523 (9th Cir. 1977), *modified on other grounds*,

7    595 F.2d 525 (9th Cir. 1979), *rev'd in part, vacated in part on other grounds sub nom Bryant v.*

8    *Yellen*, 447 U.S. 352 (1980).

9         As described in Plaintiffs' First Amended Complaint, Reclamation's authority for Project

10   operation is the federal reclamation laws, codified at 43 U.S.C. §§ 371-600e.[2]  *See* Doc. 17 at

11   ¶ 13.  Both *Andrus* and *Imperial Irrigation Dist.* recognize the legally protectable interests held

12   by the members as direct beneficiaries of reclamation laws and projects.  *See also Nevada v.*

13   *United States*, 463 U.S. 110, 123, 125-27 (1983); *Klamath Irrigation Dist. v. United States*,

14   348 Or. 15 (2010) (describing federal and non-federal interests in water rights for water delivered

15   through a reclamation project).  Applicant seeks to intervene to protect the interests of its

16   members and individuals with legally protectable interests in Project water supply.  *See* Hill Decl.

17   at ¶ 2.  This interest is substantia.

18        Furthermore, "an applicant has sufficient interest to intervene . . . where the contractual

19   rights of the applicant may be affected by a proposed remedy."  *Forest Conservation Council*,

20   66 F.3d at 1495, citations omitted.  The Association's members have contractual rights in and

21   related to water used to irrigate crops.  *See, e.g.*, Hill Decl. at ¶¶ 8-9.  Plaintiffs' requested relief,

22   therefore, may affect contractual rights of the very parties that the Applicant is intended to

23   protect.

24        Plaintiffs seek a declaration that Reclamation and NMFS violated the ESA and other laws,

25   and injunctive relief,[3] which may have a direct effect on the interests of the Applicant.  However

---

[2] *See also* §§ 601, 610-12 (Reclamation Act of 1902 and authorization of Klamath Project).

[3] Applicant also denies Plaintiffs' allegations that the federal defendants are liable for violations of the ESA or any other laws.  *See* Proposed Intervenor's Answer in Intervention.

SOMACH SIMMONS & DUNN
A Professional Corporation

one characterizes Applicant's interests, there can be no doubt that those interests are implicated in this action.  The Applicant is entitled to intervene as a matter of right.

### 3.   Disposition of the Action May, as a Practical Matter, Impair or Impede Applicant's Ability to Protect Its Interests

FRCP 24(a)(2) requires that disposition of the lawsuit may adversely affect the applicant's interest if intervention is not granted.  *United States v. City of L.A.*, 288 F.3d at 400-01.  Analysis of this third element of the four-part test follows from the analysis of the second element, and the Applicant's burden on this element is minimal.  A proposed intervenor need only show that impairment of its legal interest is possible if intervention is denied.  *Id.* at 401.  Moreover, "[i]t is generally agreed that in determining whether disposition of the action will impede or impair the applicant's ability to protect his interest the question must be put in practical terms rather than in legal terms."  7C Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1908 at 301.

Here, Plaintiffs' request for injunctive relief is most obviously relevant to the analysis.  In *Forest Conservation Council,* the court held that the disposition of the action would impede or impair the proposed intervenors' ability to protect their interests even though the injunctive relief sought was not permanent.  Under such circumstances, the court determined the prayer for injunctive relief satisfied the third element because denial of the motion would have left the proposed intervenors with "no legal means to challenge that injunction while it remains in effect." *Forest Conservation Council*, 66 F.3d at 1498.  The court, therefore, held that "disposition of the remedy portion of this action will, as a practical matter, impair or impede appellants' ability to protect their interests."  *Id.*

Here, Plaintiffs seek disposition of the action in the form of a preliminary or permanent injunction (*see, e.g.*, Prayer for Relief at ¶ D), a remedy with a much more onerous effect than the injunction sought in *Forest Conservation Council*.  The First Amended Complaint seeks to compel Reclamation to modify water management practices that limit irrigation water deliveries from the Project, which will significantly curtail water currently being used by the Applicant's members and their patrons.  The outcome of the litigation could affect the Applicant if changes

SOMACH SIMMONS & DUNN
A Professional Corporation

1   occur to Project operations.  For instance, if the litigation runs its course without Applicant's

2   participation, the Applicant could be faced with the difficult task of collaterally attacking

3   established precedent in future actions.  A number of cases hold that the mere prospect of

4   damaging case precedent is enough practical impairment to support intervention.  *See Nat. Res.*

5   *Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) ("practical consequences" of being

6   forced to challenge a regulation in the future while at the same time being subject to "compliance

7   and enforcement" was sufficient impairment of interest for intervention.).

8       Overall, if the Applicant is not made party to the case, it may have no legal means to

9   challenge a determination by this Court, if any, of illegal agency action or the entry of an

10  injunction affecting their interests.  In addition, irrespective of whether Applicant or its members

11  would literally be bound by any judgment, the Applicant would be significantly impaired in its

12  ability to protect the interests that it seeks to protect.  Further, even the Plaintiffs' prayer for

13  declaratory relief implicates Applicant's interests and its ability to protect its interests.  One

14  cannot predict with certainty what action Defendants would take if the Court were to declare that

15  Defendants are in violation of law.  But if it led to federal decisions limiting or precluding Project

16  water deliveries, Applicant would be adversely affected, and face a more than difficult task if it

17  were to recover that water, through separate litigation or otherwise.

18      Thus, disposition of this action will, as a practical matter, impair or impede the

19  Applicant's ability to protect its interests.

20      **4.    Applicant's Interests Are Not Adequately Represented by the Existing Parties**

21      The fourth and final element necessary for intervention as of right is inadequate

22  representation by the existing parties.  Applicant has a minimal burden in showing inadequate

23  representation: "it is sufficient to show that representation *may* be inadequate."  *Forest*

24  *Conservation Council*, 66 F.3d at 1498 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528,

25  538 n.10 (1972) (original emphasis)); *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775,

26  779 (9th Cir. 1986).

27      In determining the adequacy of representation, the Ninth Circuit considers "whether the

28  interest of a present party is such that it will undoubtedly make all the intervenor's arguments;

SOMACH SIMMONS & DUNN
A Professional Corporation

1  whether the present party is capable and willing to make such arguments; and whether the

2  intervenor would offer any necessary elements to the proceedings that other parties would

3  neglect." *Forest Conservation Council*, 66 F.3d at 1498-99 (citing *California v. Tahoe Reg'l*

4  *Planning Agency,* 792 F.2d at 778).

5      Intervention of right is allowed where, as here, the interest of the applicant actually, or

6  even potentially, differs from those of the existing parties.  In *United States v. Oregon*, 839 F.2d

7  635 (9th Cir. 1988), residents of a mental health center were allowed to intervene in an action

8  brought by the federal government against a state agency for failure to provide adequate training

9  and care.  The court found that the residents' interests in receiving the care might cause them to

10  raise different arguments than the government's interests in prosecuting alleged violations.  *See*

11  *also N.Y. Pub. Interest Research Grp., Inc. v. Regents of Univ. of N.Y.*, 516 F.2d 350, 352 (2d Cir.

12  1975) (in action brought by consumers to set rules aside, regents who issued rules did not

13  adequately represent interests of pharmacists who supported statewide regulations, since there

14  was a substantial likelihood that the pharmacists would make more vigorous presentation of the

15  economic side of argument than would the regents); *New England Petroleum Corp. v. Fed.*

16  *Energy Admin.*, 71 F.R.D. 454 (S.D.N.Y. 1976) (oil company entitled to intervene as of right in

17  action brought by fuel oil supplier against the Federal Energy Administration over denial of

18  regulatory relief, since oil company was in position to address issues from industry, as opposed to

19  government, point of view, and it could not be assumed that those viewpoints were identical);

20  *N. Hempstead v. N. Hills*, 80 F.R.D. 714 (E.D.N.Y. 1978) (owner of property affected by

21  allegedly improper zoning by defendant village could intervene as of right in action brought by

22  other town and residents under federal environmental laws since, although named defendants had

23  great incentive to preserve their power to perform their functions and to protect past decisions

24  made in accordance with their view of official responsibilities, it could not be said that defendants

25  shared the very real and immediate economic interests of the proposed intervenor in the pending

26  litigation).

27      Applicant's interests are significantly different in kind and degree from that of Defendants

28  Reclamation and NMFS.  Defendants will not "undoubtedly make," nor may they even be

SOMACH SIMMONS & DUNN
A Professional Corporation

1    capable of and willing to make, all the arguments that the Applicant would make.  Reclamation is

2    charged with administration of the Project.  Its obligations go beyond management of issues

3    related to the Project and include consideration of potentially competing legal directives and

4    nationwide policy.  The Applicant, on the other hand, has an overriding interest in delivery of

5    Project water for irrigation.  To the extent Reclamation has an interest in the delivery of water to

6    the Project, it is substantially different from the Applicant's interests.

7            The federal Defendants are not likely to make all of the arguments pertaining to the

8    interests of the actual water users represented by the Applicant.  In addition, potential interagency

9    disagreements may result in the Defendants not advancing all of the arguments necessary to

10   protect the Applicant's interests.  Further, water users in the Project and federal agencies have

11   been, and are now, adverse parties in prior litigation concerning operation of the Project.  *See*

12   *Klamath Irrigation District v. United States Bureau of Reclamation, et al.*, Consolidated Case

13   No. 1:19-cv-00451-CL (lead) (D. Or.); *Shasta View Irrigation District v. United States Bureau of*

14   *Reclamation, et al.*, Consolidated Case No. 1:19-cv-00531-CL (trailing) (D. Or.); *Klamath Water*

15   *Users Ass'n v. Patterson*, 15 F. Supp. 2d 990 (D. Or. 1998), *aff'd sub nom. Klamath Water Users*

16   *Protective Ass'n v. Patterson*, 204 F.3d 1206 (9th Cir. 2000); *Kandra v. United States*,

17   145 F. Supp. 2d at 1192.  Reclamation and NMFS cannot adequately represent the Applicant, and

18   the Applicant must be allowed to intervene in this suit to protect its interests.

19           Finally, apart from the questions of adequacy of representation, intervention should be

20   granted in order that the Court may be fully advised of the merits of the controversy and the

21   interests that will be affected by the Court's decision.  *New England Petroleum Corp.*, 71 F.R.D.

22   at 458.  The Applicant is in a much better position than NMFS and Reclamation to inform the

23   Court of the practical, local impact of a decision in favor of the Plaintiffs in this case.  The

24   Applicant is best equipped and able to present these issues to the Court.

25   **B.       Alternatively, Permissive Intervention Should Be Granted Pursuant to FRCP 24(b)(2)**

26           The Applicant has satisfied the four-part test for intervention as of right.  Alternatively,

27   the Court should permit the Applicant to intervene pursuant to FRCP 24(b)(2).  Like intervention

28   as of right, motions for permissive intervention are construed liberally in favor of the moving

SOMACH SIMMONS & DUNN
A Professional Corporation

1    party.  Neither the inadequacy of representation, nor a direct interest in the subject matter of the

2    action need be shown.  7C Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d,

3    § 1911.  To satisfy the standards for permissive intervention pursuant to FRCP 24(b)(2), the

4    Ninth Circuit requires satisfaction of three elements: (1) the application for intervention must be

5    timely; (2) the applicant's proposed pleading must raise questions of law and fact which are in

6    common with those in the main action; and (3) the applicant's intervention must not unduly delay

7    or prejudice the rights of the original parties.  FRCP 24(b)(2).

8           As discussed above, in section IV.A, this motion is timely, and it will not unduly delay or

9    prejudice the adjudication of the rights of the existing parties.  The issue of undue delay or

10   prejudice is the principal consideration in the Court's assessment of a motion for permission to

11   intervene.  7C Wright, Miller, Kane, *Federal Practice and Procedure*: Civil 2d § 1913 at 379.

12          The second element, regarding whether the Applicant's proposed pleading raises

13   questions of law or fact in common with the main action, should be liberally construed in the

14   Applicant's favor.  *Silver v. Babbitt*, 166 F.R.D. 418, 433 (D. Az. 1994).  Even under strict

15   construction, however, the Applicant satisfies this element.  As the preceding discussion and the

16   Applicant's accompanying proposed Answer set forth, the Applicant does not seek to intervene in

17   order to raise any new or collateral issues not implicated by the First Amended Complaint.

18   Intervention by the Applicant, therefore, will not result in any expansion of the present litigation.

19          Other factors considered in determining whether to allow intervention include: (1) the

20   nature and extent of the intervenor's interest in the litigation; (2) the intervenor's ability to

21   contribute to the full development of the factual issues and to the just and equitable adjudication

22   of the legal issues presented; and (3) the legal position that the intervenor seeks to advance and its

23   probable relation to the merits of the case.  *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir.

24   2011); *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).  The

25   discussion in section IV.A.2 above demonstrates the Applicant's interests in the litigation.

26   Moreover, it establishes the fact that the issues and potential remedies in the present action cannot

27   be adjudicated in a just and equitable manner without the presence of the Applicant.

28

SOMACH SIMMONS & DUNN
A Professional Corporation

1    Accordingly, this Court should grant the Applicant's alternative request for permissive

2    intervention.

3                              **V.    CONCLUSION**

4            For all the above reasons, the Applicant satisfies all the requirements for intervention as of

5    right.  Alternatively, the Court should exercise its discretion to allow Applicant's permissive

6    intervention.

7                                                    SOMACH SIMMONS & DUNN, PC

8    DATED:  October 4, 2019                By  *s/ Paul S. Simmons*

9                                                    Paul S. Simmons, Attorneys for
                                                    [Proposed] Defendant-Intervenor
10                                                   Klamath Water Users Association

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOMACH SIMMONS & DUNN
A Professional Corporation

1

**CERTIFICATE OF SERVICE**

2  I hereby certify that a true and correct copy of the foregoing will be e-filed on October 4, 2019,

3  and will be automatically served upon counsel of record, all of whom appear to be subscribed to

4  receive notice from the ECF system.

5
                                             */s Paul S. Simmons*
6                                            Paul S. Simmons

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOMACH SIMMONS & DUNN
A Professional Corporation