TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

ROBERT P. WILLIAMS, Senior Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-307-6623 | Fax: 202-305-0275
Email: robert.p.williams@usdoj.gov

THOMAS K. SNODGRASS, Senior Attorney
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-7233 | Fax: 303-844-1350
Email: thomas.snodgrass@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| YUROK TRIBE, et al., | ) Case No. 3:19-cv-04405-WHO |
| Plaintiffs, | ) **STIPULATION AMONG PLAINTIFFS,** |
| v. | ) **FEDERAL DEFENDANTS, AND** |
| | ) **INTERVENOR-DEFENDANT** |
| U.S. BUREAU OF RECLAMATION, et al., | ) **KLAMATH TRIBES REGARDING** |
| | ) **FEDERAL DEFENDANTS' MOTION** |
| Defendants, | ) **FOR LIMITED LIFTING OF STAY** |
| and | ) Hearing Date: September 22, 2021 |
| | ) Hearing Time: 2:00 p.m. (by |
| KLAMATH WATER USERS | ) videoconference) |
| ASSOCIATION, | ) |
| | ) Judge: Honorable William H. Orrick |
| and | ) |
| THE KLAMATH TRIBES, | ) |
| Defendant-Intervenors. | ) |

Stip. on Fed. Defendants' Motion for Limited Lifting of the Stay (3:19-cv-04405-WHO)   - 1

This Stipulation is entered into among the Yurok Tribe, Pacific Coast Federation of Fishermen's Associations, and Institute for Fisheries Resources (collectively "Plaintiffs"); the U.S. Bureau of Reclamation ("Reclamation") and National Marine Fisheries Service ("NMFS") (collectively "Federal Defendants"); and Intervenor-Defendant the Klamath Tribes for the purpose of addressing concerns raised by Plaintiffs and the Klamath Tribes regarding Federal Defendants' Motion for Limited Lifting of the Stay (ECF No. 938) and stipulating to conditions that allow Plaintiffs and the Klamath Tribes to stipulate to the granting of the motion. Intervenor-Defendant Klamath Water Users Association ("KWUA") is not a party to this Stipulation.

1.      On June 25, 2021, the Federal Defendants filed their motion for a limited lifting of the stay for the sole purpose of allowing the United States to file a crossclaim seeking declaratory and injunctive relief from an April 6, 2021 order issued by the Oregon Water Resources Department ("OWRD") and any successor orders and/or notices of violation, which now include July 2, 2021, and July 28, 2021, notices of violation issued by OWRD to Reclamation after Federal Defendants lodged their proposed crossclaim (collectively "OWRD orders").

2.      Plaintiffs Yurok Tribe, Pacific Coast Federation of Fishermen's Associations, and Institute for Fisheries Resources agree that the OWRD orders, on their face and if followed, will cause Reclamation to deviate from the 2020 Interim Operations Plan ("IOP") upon which the stay of this litigation was premised.  Plaintiffs further agree that the OWRD orders, if followed, will preclude Reclamation from maintaining flows in the Klamath River necessary for Reclamation to comply with its obligations under the federal Endangered Species Act ("ESA"). For these reasons, Plaintiffs and Federal Defendants stipulate that the OWRD orders, if followed, would cause deviations from the IOP, which provides grounds to lift the stay under the terms of the stipulated stay.  (ECF 908 at 5, ¶¶ 4, 6 (parties may seek to lift the stay if Reclamation deviates from or is not implementing the IOP prior to September 2022)).[1]

---

[1] Intervenor-Defendant the Klamath Tribes take the position that Reclamation is already out of compliance with the IOP for its failure to adhere to the terms of the Incidental Take Statement

Stip. on Fed. Defendants' Motion for Limited Lifting of the Stay (3:19-cv-04405-WHO)   - 2

3.      Plaintiffs and Federal Defendants further stipulate that the Court has equitable discretion to lift the stay due to changed circumstances in the form of the OWRD orders, which, if followed, preclude Reclamation from meeting its ESA obligations and which have contributed to heightened tensions in the Klamath Basin in this exceptional drought year.

4.      Plaintiffs and the Klamath Tribes strongly dispute the part of Federal Defendants' motion that discusses two cases brought by KWUA *et al*. and Klamath Irrigation District ("KID") that were dismissed for failure to join Klamath Basin Tribes as necessary and indispensable parties under Rule 19[2] subsequent to the stipulated stay of this action.  They take particular issue with the suggestion in the motion that lifting the stay might provide a forum to litigate some of KWUA's and KID's arguments from those cases without Rule 19 issues.  ECF No. 938 at 7-8.  Plaintiffs and the Klamath Tribes believe that any attempt to try to circumvent the Rule 19 dismissal of the irrigators' claims would be an affront to Tribal sovereignty and impermissible.

5.      Federal Defendants represent that it is not their intention to circumvent the Rule 19 dismissals or to allow all the claims and arguments that KWUA and/or KID sought to present in their dismissed cases to be presented in this case.  Rather, Federal Defendants intend that only defenses that are within the scope of the crossclaim could be litigated in this case and the parties, including any current or future intervenors, could not raise other issues for lack of a waiver of sovereign immunity.  The revised proposed order submitted with this stipulation reflects this understanding by specifically providing conditions on lifting the stay limiting the issues that will be presented and litigated to those presented in the crossclaim, as it may be amended or supplemented, and precluding the litigation of all other issues for lack of a waiver of sovereign immunity and as outside the scope of the limited lifting of the stay.  With these

issued by the U.S. Fish and Wildlife Service as part of its 2020 Biological Opinion regarding Reclamation's operation of the Project. *See Klamath Tribes v. U.S. Bureau of Reclamation*, Case 1:21-cv-00556-CL (D. Or.), ECF No. 1 (Complaint) ¶¶46-57.

[2] *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 489 F. Supp. 3d 1168, 1176-84 (D. Or. 2020), *appeal filed,* No. 20-36009 (9th Cir. Nov. 19, 2020) and *appeal filed sub nom. Shasta View Irrigation Dist. v. United States,* No. 20-36020 (9th Cir. Nov. 24, 2020).

limitations, parties opposing the federal crossclaim may only argue a subset of the issues that KWUA and KID sought to litigate in the cases dismissed under Rule 19.

6.    With this clarification, Plaintiffs and the Klamath Tribes agree that the stay should be lifted for the limited purposes requested by Federal Defendants, but subject to the further, amended conditions specified in the revised proposed order attached as Exhibit A to this stipulation, in which Federal Defendants concur and submit as a replacement for the previous proposed order.  If the stay is lifted, Plaintiffs would further request that it be on the condition that they also be granted leave to file a supplemental complaint against OWRD challenging the OWRD orders on Supremacy Clause grounds in two causes of action that are analogous to those presented in Federal Defendants' revised crossclaim and which would present no claims in addition to those presented in Federal Defendants' revised crossclaim.  Federal Defendants do not oppose this request. The Klamath Tribes reserve their position on this request pending the filing of such supplemental complaint to ensure its compliance with the terms of this stipulation.

7.    Plaintiffs strongly oppose the Klamath Water Users Association's Motion to Lift the Stay because KWUA seeks to litigate issues that are beyond the limited waiver of sovereign immunity in this case.  Plaintiffs, the Federal Defendants, and the Klamath Tribes agree the Motion should be denied.

8.    Federal Defendants stipulate that the United States shall separate the crossclaim into two causes of action—the first cause of action will address the ESA basis for the crossclaim and the second cause of action will address the alternative, non-ESA, tribal water rights basis for the crossclaim.  The proposed, revised crossclaim, as separated into two causes of action and as further amended and supplemented, is attached hereto as Exhibit B, which Federal Defendants submit as a replacement for the previous proposed crossclaim lodged with the Court (ECF 938-2).

9.    In order to ensure the orderly litigation of the revised Federal crossclaim and Plaintiffs' supplemental complaint and in order to avoid unnecessary litigation of issues implicating tribal water rights, the revised proposed order provides for bifurcation of the briefing.  In the first phase, summary judgment briefing and motions will address the first cause

of action consisting of the ESA basis for the crossclaim and proposed supplemental complaint, which will not seek a ruling with respect to tribal rights beyond a ruling on the applicability of the ESA to Klamath Project operations.  If the parties then proceed to the second phase after a summary judgment ruling or other decision on the merits in the first phase (*e.g.*, no appeal is taken), the second phase of summary judgment motions and briefing would address the second cause of action consisting of the alternative, non-ESA, tribal water rights basis for the crossclaim and supplemental complaint.  If Federal Defendants or Plaintiffs seek voluntary dismissal of the second cause of action of the crossclaim or supplemental complaint, as applicable, after resolution of the first cause of action addressing the ESA, Federal Defendants and Plaintiffs will coordinate on how to avoid any preclusive effect of such dismissal

IT IS SO STIPULATED

Dated:  August 18, 2021          Respectfully submitted,

TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
U.S. Department of Justice
Environment and Natural Resources Division

/s/ Robert P. Williams
ROBERT P. WILLIAMS, Sr. Trial Attorney
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
robert.p.williams@usdoj.gov

/s/ Thomas K. Snodgrass
THOMAS K. SNODGRASS, Sr. Attorney
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-7233
Thomas.snodgrass@usdoj.gov

***Attorneys for Federal Defendants***

Stip. on Fed. Defendants' Motion for Limited Lifting of the Stay (3:19-cv-04405-WHO)   - 5

/s/ Patti A. Goldman (with permission on 08/18/21)
PATTI A. GOLDMAN (WSBA # 24426) [*Pro Hac Vice*]
KRISTEN L. BOYLES (CSBA # 158450)
ASHLEY BENNETT (WSBA # 53748) [*Pro Hac Vice*]
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA  98104
Ph: (206) 343-7340
kboyles@earthjustice.org
pgoldman@earthjustice.org
abennett@earthjustice.org

**Attorneys for Plaintiffs Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, and Yurok Tribe**

/s/ Amy Cordalis (with permission on 08/18/21)
AMY CORDALIS (CSBA # 321257)
2910 Springer Drive
McKinleyville, CA 95519
Ph: (541) 915-3033
acordalis@ridgestoriffles.org

**Attorneys for Plaintiff Yurok Tribe**

/s/ Jeremiah D. Weiner (with permission on 08/18/21)
Jeremiah D. Weiner (CSBA No. 226340)

Rosette, LLP
1415 L St. Suite 450
Sacramento, California 95814
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
jweiner@rosettelaw.com

**Attorney for The Klamath Tribes**

Stip. on Fed. Defendants' Motion for Limited Lifting of the Stay (3:19-cv-04405-WHO)   - 6

**ATTORNEY ATTESTATION OF CONCURRENCE**

I hereby attest that I have obtained concurrence in the filing for the signature of all counsel indicated by a "conformed" signature ("/s/") within this e-filed document, in accordance with Civil L.R. 5-1(i).

Dated: August 18, 2021

/s/ Thomas K. Snodgrass
Thomas K. Snodgrass, Sr. Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division

Stip. on Fed. Defendants' Motion for Limited Lifting of the Stay (3:19-cv-04405-WHO)   - 7