**EXHIBIT A TO**

**STIPULATION AMONG PLAINTIFFS, FEDERAL DEFENDANTS, AND
INTERVENOR-DEFENDANT KLAMATH TRIBES REGARDING FEDERAL
DEFENDANTS' MOTION FOR LIMITED LIFTING OF STAY**

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

ROBERT P. WILLIAMS, Senior Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-307-6623 | Fax: 202-305-0275
Email: robert.p.williams@usdoj.gov

THOMAS K. SNODGRASS, Senior Attorney
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-7233 | Fax: 303-844-1350
Email: thomas.snodgrass@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| YUROK TRIBE, et al., | ) Case No. 3:19-cv-04405-WHO |
| | ) |
| Plaintiffs, | ) **[PROPOSED] ORDER GRANTING** |
| | ) **FEDERAL DEFENDANTS' MOTION** |
| v. | ) **FOR LIMITED LIFTING OF THE** |
| | ) **STAY** |
| U.S. BUREAU OF RECLAMATION, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| KLAMATH WATER USERS | ) |
| ASSOCIATION, | ) |
| | ) |
| and | ) |
| | ) |
| THE KLAMATH TRIBES, | ) |
| | ) |
| Defendant-Intervenors. | ) |

- 1                    3:19-cv-04405-WHO

Before the Court is the motion of Federal Defendants U.S. Bureau of Reclamation and National Marine Fisheries Service for a limited lifting of the stay (ECF 938) and Defendant-Intervenor Klamath Water Users Association's motion to lift the stay (ECF 928).  Having considered the motion and all responses and replies, IT IS HEREBY ORDERED that Federal Defendants' motion is GRANTED, subject to the following conditions, and the Klamath Water User Association's motion is denied:

1.     The stay of litigation is hereby lifted solely for the limited purpose of allowing the United States to file the revised crossclaim lodged with the stipulation among Federal Defendants, Plaintiff Yurok Tribe, and the Klamath Tribes (ECF 951-2), which supersedes the crossclaim lodged with Federal Defendants' motion for a limited lifting of the stay (ECF 938-2), and to allow summary judgment briefing and any other necessary proceedings solely on the issues raised by the revised crossclaim, as described in paragraph 13 of the revised crossclaim.

2.     The lifting of the stay of litigation would extend to any supplemental complaint filed by the Plaintiffs against OWRD challenging the OWRD orders on Supremacy Clause grounds in two causes of action that are analogous to those presented in Federal Defendants' crossclaim and no other causes of action, provided that the Klamath Tribes reserve the right to move to strike any portion of Plaintiffs' supplemental complaint that does not comply with the terms of the stipulation entered into by Plaintiffs, the United States, and the Klamath Tribes (ECF 951-2).

3.     The Motion to Lift the Stay Filed by the Klamath Water Users Association is denied.

4.     Federal Defendants are directed to file the crossclaim, with any amendments or supplements thereto, within ten (10) days of this order.

5.     Plaintiffs are granted leave to file a supplemental complaint challenging the same actions on essentially the same basis as the crossclaim.  Plaintiffs are directed to file the supplemental complaint within 10 days of the filing of Federal Defendants' crossclaim.

6.     Any motion to intervene by a proposed intervenor seeking to be a party shall be filed within 20 days of the filing of the crossclaim with the Court.

7.  Neither the United States, the Yurok Tribe, nor the Klamath Tribes waive sovereign immunity for any purpose other than litigation of the merits of the claim presented in the federal crossclaim and Plaintiffs' supplemental complaint.  This is not a water rights adjudication or quantification case.  Adjudicating and/or quantifying the federal reserved rights of the Yurok Tribe, the Hoopa Valley Tribe, or the Klamath Tribes (collectively "Tribes"), including the sources from which such adjudicated or quantified rights may be satisfied—or determining the relative priority of these rights among the Tribes—is unnecessary for the Court to decide the questions presented by the crossclaim.  Neither the United States nor the Tribes have waived sovereign immunity in this forum for the purpose of adjudicating or quantifying water rights, including the sources from which such adjudicated or quantified rights may be satisfied, or determining the relative priority of such rights among the Tribes.  Nor is this a breach of trust case, and neither the United States nor the Tribes have waived sovereign immunity for purposes of any claims against them.  Accordingly, the lifting of the stay shall not allow or result in an adjudication or quantification of the Tribes' water rights, including the sources from which such adjudicated or quantified rights may be satisfied, a determination of whether the US has violated its trust obligations to any of the Tribes, or the consideration of any other claims against the Tribes and/or the United States.

8.  Nothing in the crossclaim or any supplemental complaint challenges the respective obligations of the United States under the ESA as between different ESA-listed species and/or designated critical habitats.

9.  Counsel for the admitted parties, the crossclaim defendants, and intervenors shall meet and confer at the earliest possible time and submit a proposed case management order.  Should that process not lead to a unanimous stipulated proposed schedule within 30 days after the crossclaim has been filed, scheduling proposals may be submitted to the Court, individually or joined with others.

10.  Federal Defendants and Plaintiffs have stipulated to separate the crossclaim and supplemental complaint, respectively, into two causes of action—the first cause of action will address the ESA basis for the crossclaim and the second cause of action will address the

alternative, tribal water rights basis for the crossclaim.  Litigation of the Federal crossclaim and Plaintiffs' supplemental complaint will proceed in two phases in order to avoid unnecessary litigation of the second cause of action relying on tribal water rights.  In the first phase, summary judgment motions and briefing will address the first cause of action consisting of the ESA basis for the crossclaim and supplemental complaint, which will not seek a ruling with respect to tribal rights beyond a ruling on the applicability of the ESA to Klamath Project operations.  If the parties then proceed to the second phase after a summary judgment ruling or other decision on the merits in the first phase (*e.g.*, no appeal is taken), the second phase of summary judgment motions and briefing would address the second cause of action consisting of the alternative, non-ESA, tribal water rights basis for the crossclaim and supplemental complaint.

11.    The Stipulation to Stay Litigation ordered by the Court on March 27, 2020 (ECF 908), and any and all terms thereof, shall remain in effect in all respects not directly modified in this Order.

Dated:  September ___, 2021

_____

William H. Orrick,
United States District Court Judge

- 4                                    3:19-cv-04405-WHO