UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUROK TRIBE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF RECLAMATION, et al.,<br><br>    Defendants. | Case No. 19-cv-04405-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Re: Dkt. No. 1101 |

The Institute for Fisheries Resources, Pacific Coast Federation of Fishermen's Associations, and Yurok Tribe (collectively, "the plaintiffs") seek leave to file a supplemental complaint challenging the 2023 Temporary Operating Procedure ("TOP") adopted by defendant Bureau of Reclamation ("the Bureau"), which the plaintiffs contend will reduce Klamath River flows in violation of the Endangered Species Act ("ESA"). Dkt. No. 1101. The proposed supplemental complaint asserts four new claims, alleging violations of sections 7(a)(2) and (9) of the ESA, and the Administrative Procedure Act ("APA"). *See id.*, Attach. A. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument.

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The legal standard for determining a motion to supplement under Rule 15(d) is the same as that for a Rule 15(a) motion to amend. *Carlson v. U.S. Postal Serv.*, No. 13-CV-06017-JSC, 2015 WL 3902227, at *2 (N.D. Cal. June 24, 2015) (citing cases). The factors considered include undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the opposing party, and judicial economy. *See id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962)).

These factors weigh in favor of granting the plaintiffs' motion. The motion is timely; the TOP was authorized on January 26, 2023, and the plaintiffs intend to file their complaint as soon as the ESA's citizen suit provision allows. *See* Mot. [Dkt. No. 1101] 11:4-15. There is also no indication of bad faith or dilatory motive on the plaintiffs' part.

Of the many parties involved in this matter, only intervenor Klamath Irrigation District ("KID") opposes the plaintiffs' motion. *See* Dkt. No. 1106.[1] KID first argues that the supplemental complaint asserts new causes of action that belong in a separate suit. Dkt. No. 1106 at 2:14-26. I disagree. At its core, the proposed supplemental complaint challenges a temporary operating plan that the plaintiffs allege does not satisfy the Bureau's current operations plan or a related 2019 Biological Opinion ("BiOp") that are at issue in the operative complaint. The same fundamental issues underlie the operative and proposed supplemental complaints: whether the Bureau is providing sufficient Klamath River flows to protect ESA-listed species, and whether the ESA's consultation process was properly followed. *Compare* Mot., Attach. A (proposed supplemental complaint) *with* Dkt. No. 17 (First Amended Complaint). The claims in both complaints arise under the ESA and APA.

Judicial economy also favors allowing the supplemental complaint. This is a complex case with many parties and a lengthy procedural history. If the plaintiffs were to file their supplemental complaint as a separate case, that case would almost certainly be reassigned to me and related to this case under the Northern District's Civil Local Rules. *See* Civil L.R. 3-12(a) (defining related cases as those that "concern substantially the same parties, property, transaction or event" and where it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges"). The filing of the

---

[1] Although no other party opposes the plaintiffs' motion, the United States contends that under the ESA's citizen suit provision, the earliest the plaintiffs could file their supplemental complaint would be March 22, 2023. Dkt. No. 1103. The plaintiffs agreed in their reply to wait to file until then, "without conceding that an earlier filing would be precluded." Dkt. No. 1109 at 3:3-5. Intervenor Klamath Water Users Association ("KWUA") expresses merits-related "concerns" with the proposed supplemental claims, and intervenor the Klamath Tribes assert an "inaccuracy" in the plaintiffs' motion related to the target elevation for Upper Klamath Lake. Dkt. Nos. 1105, 1107. Neither of the latter arguments speak to the actual filing of the supplemental complaint, which is all that is at issue at this point.

supplemental complaint allows the parties and the court to save time and resources that would otherwise be spent relating cases and bringing in intervenors, and instead focus on the merits of the supplemental claims.  Timely resolution of these claims is particularly important, given the number of stakeholders who depend on the relatively limited water supply.

Finally, although KID argues that other parties may be prejudiced by the filing of the supplemental complaint, that risk is overstated.  *See* Dkt. No. 1106 at 3:12-19.  KID has not adequately explained why the supplemental complaint would prohibit any party from seeking an appeal of my recent summary judgment order (relating to the United States' crossclaim and related counterclaims).  *See id.*  And although KID did not intervene to defend against the original claims in this case, as the plaintiffs note, KWUA (which KID is a member of) did so intervene, and does not oppose the filing of the supplemental complaint.  *See id.*, *see also* Dkt. No. 1109 at 6:6-9.

Having found that the factors support the filing of the supplemental complaint, the plaintiffs' motion is GRANTED.  The plaintiffs may file their supplemental complaint on or after March 22, 2023, as agreed.

**IT IS SO ORDERED.**

Dated: February 27, 2023



William H. Orrick
United States District Judge

3