| | |
|---|---|
| **WANGER JONES HELSLEY PC**<br>265 East River Park Circle, Suite 310<br>Fresno, California 93720<br>Telephone: (559) 233-4800<br>Facsimile: (559) 233-9330<br><br>John P. Kinsey #215916<br>jkinsey@wjhattorneys.com | **RIETMANN & KIM, LLP**<br>1270 Chemeketa Street NE<br>Salem, Oregon 97301<br>Telephone: (503) 551-2740<br><br>Nathan R. Rietmann #053630<br>nathan@rietmannlaw.com<br>*Pro hac vice* |

Attorneys for:    Intervenor/Cross-Defendant KLAMATH IRRIGATION DISTRICT

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| YUROK TRIBE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BUREAU OF RECLAMATION, et al.,<br><br>    Defendants,<br><br>and<br><br>KLAMATH WATER USERS ASSOCIATION,<br><br>and<br><br>KLAMATH TRIBES,<br><br>    Intervenor-Defendants, | Case No. 3:19-cv-04405-WHO<br><br>Related Case Nos.: C16-cv-06863-WHO<br>                  C16-cv-04294-WHO<br><br>**KLAMATH IRRIGATION DISTRICT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION PURSUANT TO L.R. 7-9 AND FRCP 54(B)**<br><br>Hearing Date: N/A<br><br>Time: N/A<br><br>Location: N/A<br><br>Judge: Honorable William H. Orrick |

| | |
|---|---|
| 1 | UNITED STATES OF AMERICA, |
| 2 | Cross-Claimant, |
| 3 | v. |
| 4 | |
| 5 | KLAMATH WATER USERS ASSOCIATION, |
| 6 | and |
| 7 | OREGON WATER RESOURCES DEPARTMENT, |
| 8 | |
| 9 | Cross-Defendants, |
| 10 | and |
| 11 | KLAMATH IRRIGATION DISTRICT, |
| 12 | Intervenor-Cross-Defendant |

**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

On February 6, 2022, the Court entered Order on Motions for Summary Judgment, Motions to Strike, and Motion to Stay ("MSJ Order"). ECF #1102. Intervenor Defendant Klamath Irrigation District ("KID") hereby moves for leave to file a motion for reconsideration of the MSJ Order because it does not consider threshold legal arguments and judicially takes KID's vested water rights in violation of the Fifth Amendment to the United States Constitution.

**POINTS AND AUTHORITIES**

Northern District Civil Local Rule 7-9 provides:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

Fed. R. Civ. P. 54(b) also states:
> Any order or other decision, however designated, that adjudicates fewer that all the claims or the rights and liabilities of fewer than all the parties…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

KID respectfully submits that reconsideration of the MSJ Order is appropriate because of "[a] manifest failure by the Court to consider…dispositive legal arguments which were presented to the Court before [the] interlocutory order." Civil L.R. 7-9(b)(3). Specifically:

      A.  The Court did not consider KID's jurisdictional argument that the doctrine of prior exclusive jurisdiction deprives this Court of jurisdiction to decide Reclamation's claims. ECF 1041 (Pgs. 4, 22, 40, 51, 98-103); ECF 1088 (Pgs. 24-26). Since the doctrine of prior exclusive jurisdiction is "a mandatory jurisdictional limitation," the Court could not properly rule on the merits of Reclamation's claim without first addressing this threshold jurisdictional issue. *State Eng'r of State of Nevada v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nevada*, 339 F3d 804, 810 (9th Cir 2003). ("We have applied the doctrine of prior exclusive jurisdiction in the water rights context").

      B.  The Court decided the question of "whether the OWRD Order is preempted by the Endangered Species Act ("ESA")," without first considering KID's threshold argument that Reclamation does not have any legal right to divert stored water from UKL and use it for instream purposes because KID and others own the water rights controlling the distribution of stored water in UKL, not Reclamation. ECF 1041 (Pgs. 26-29, 41-42, 45-51, 84-85, 95-103); ECF 1088 (Pgs. 4-20) This argument is dispositive of Reclamation's preemption claim. Accordingly, the Court could not properly rule on the MSJ Order without first addressing and resolving this threshold argument.

Since the Court did not consider the threshold and dispositive issues identified above, the Court "committed clear error or the initial decision was manifestly unjust" and reconsideration is appropriate. *School Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert, denied*, 512 U.S. 1236 (1994); *see also Sandoval v. Barneburg*, No. C 12-3007 LHK (PR), 2013 WL 5961087, at *2 (N.D. Cal. Nov. 7, 2013) (granting motion for reconsideration where "the court concludes that the denial of defendants' motion to dismiss was based on a failure to consider the dispositive legal rule" under California law); *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("Because it is a clear error of law to not apply controlling Supreme Court precedent, we conclude that the district court did not abuse its discretion by reconsidering its prior order").

Not considering the threshold legal arguments identified above has resulted in a ruling that violates the Fifth Amendment to the United States Constitution by judicially taking KID's vested 1905 water rights for public use without payment of just compensation. This constitutional violation that results from the MSJ Order itself provides appropriate grounds for reconsideration that are beyond the scope of L.R. 7.9. *See e.g., Khan v. K2 Pure Solutions, LP*, No. 12-cv-055260WHO, 2013 WL 6235572, at *2 (N.D. Cal. Dec. 2, 2013) (grant of reconsideration motion appropriate even where it did not meet the criteria in L.R. 7-9(b)). This is particularly true where, as here, a petition for reconsideration is an appropriate procedure for raising the judicial takings issues. *Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot.*, 560 US 702, 712, 130 S Ct 2592, 2601, 177 L Ed 2d 184 (2010) ("We ordinarily do not consider an issue first presented to a state court in a petition for rehearing if the state court did not address it. But where the state-court decision itself is claimed to constitute a violation of federal law, the state court's refusal to address that claim put forward in a petition for rehearing will not bar our review") (Internal citations omitted).

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. A judicial taking in violation of the Fifth Amendment occurs when "a court declares that what was once an established right of private property no longer exists" or "transform[s] private property into public property without compensation." *Stop the Beach Renourishment, Inc.,* 560 US 702, at 715–16.

KID, its landowners, and others similarly situated own vested 1905 water rights to use stored water in UKL, which are property rights protected by the Fifth Amendment. *Skinner v. Jordan Valley Irr. Dist.*, 137 Or 480, 491, 300 P 499, 503 (1931), *opinion modified on denial of reh'g,* 137 Or 480, 3 P2d 534 (1931) ("The right to the use of water constitutes a vested property interest."); *Hansen v. United States*, 65 Fed Cl 76, 123 (2005)("[w]ater rights are property rights protected by the Fifth Amendment"). The Court's ruling that the 1975 Endangered Species Act, 16 U.S.C. §§1532-1544 ("ESA") preempts the OWRD Order enforcing KID's vested 1905 water rights in UKL judicially takes KID's vested water rights for public use without payment of just compensation. For example:

- Prior to the MSJ Order, the vested water rights of KID and others determined in the

ACFFOD legally controlled the distribution of stored water from UKL. "OAR 690-250-0150(4)("Use of legally stored water is governed by the water rights, if any, which call on that source of water"); ORS 539.130(4) (providing that OWRD's determination orders are "in full force and effect"); ORS 539.170 (providing that, pending the circuit court judgment, division of water on the stream shall be made in accordance with OWRD's determination orders).

- Prior to the MSJ Order, KID's vested water rights under the ACFFOD were enforceable by OWRD against Reclamation. STIPDX-004631("OWRD now has regulatory authority over the claims"); ORS 539.170; ORS 540.270; ORS 540.720. *California v. U. S.*, 438 US 645, 675, 98 S Ct 2985, 3001, 57 L Ed 2d 1018 (1978) ("The Reclamation Act recognizes the interests and rights of the States in the utilization and control of their water resources and requires the Bureau, in carrying out provisions of the Act, to proceed in conformity with State water laws.")

- Prior to the MSJ Order, KID's vested rights included the right to exclude Reclamation from using stored water in UKL, which KID owned the right to use. STIPDX-004631("In times of water shortage, one possessing a senior water right has a right to obtain regulation in his favor by having the watermaster shut off ('regulate') junior water users"); ORS 540.210 (granting OWRD authority to "take exclusive charge of reservoir" and distribute water "according to the relative and respective rights"); ORS 540.720 ("No person shall use without authorization water to which another is entitled").

- Prior to the MSJ Order, KID was entitled to have OWRD enforce its vested 1905 water rights against Reclamation unless Reclamation obtained a stay of such enforcement from the Klamath County Circuit Court and agreed to pay all damages that might accrue by reason of KID's vested 1905 water rights not being enforced. ORS 539.180 (Requiring a party seeking a stay of the ACFFOD to agree to pay all damages that might accrue from nonenforcement).

- Prior to the MSJ Order, KID's water rights to stored water in UKL, and others similarly situated, were superior to all other rights to the use of stored water in UKL. STIPDX-003684("The water rights determined for Claims 616 and 622 (the "Tribal Water Rights") shall not result in regulation curtailing use of water under any water rights having a priority date before August 9, 1908").

1     The MSJ Order would eliminate the established property rights described above and transform the superior water rights of KID and others into rights that are subordinate to judicially created rights held by Reclamation for public use without payment of just compensation. These judicially created water rights would authorize Reclamation to physically divert water away from KID and others similarly situated in a manner akin to other cases in which takings have been found. *Casitas Mun. Water Dist. v. United States*, 543 F3d 1276, 1290 (Fed Cir 2008) (describing cases). The fact the Court is committing the taking here instead of a co-equal branch of government is of no legal moment. *Stop the Beach Renourishment, Inc.* 560 US at 715 ("The Takings Clause bars *the State* from taking private property without paying for it, no matter which branch is the instrument of the taking")

    KID has acted with reasonable diligence in bringing this motion promptly upon receiving and reviewing the MSJ Order and evaluating the most appropriate avenue for addressing the issues identified herein.  L.R. 7-9

    KID respectfully requests leave to file a motion for reconsideration.

Dated: March 6, 2023

                                      RIETMANN LAW, P.C.

                                      By:  /s/ *Nathan R. Riemann*
                                         Nathan R. Rietmann,
                                         Attorneys for KLAMATH IRRIGATION DISTRICT
                                         *Pro hac vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing will be e-filed on March 6, 2023, and will be automatically served upon counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

    By:  /s/ *Nathan R. Riemann*
    Nathan R. Rietmann,
    Attorneys for KLAMATH IRRIGATION DISTRICT
    *Pro hac vice*