Jeremiah D. Weiner (CSBA No. 226340)
Daniel Ray (*admitted pro hac vice*)
Rosette, LLP
1415 L St., Suite 450
Sacramento, CA 95814
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
jweiner@rosettelaw.com
dray@rosettelaw.com

*Attorneys for Intervenor The Klamath Tribes*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| YUROK TRIBE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF RECLAMATION and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants,<br><br>and<br><br>KLAMATH WATER USERS ASSOCIATION, THE KLAMATH TRIBES, and KLAMATH IRRIGATION DISTRICT,<br><br>Intervenor-Defendants<br><br>UNITED STATES OF AMERICA,<br><br>Cross-Claimant,<br><br>YUROK TRIBE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Joined as Cross-Claimants,<br><br>v. | Case No. 3:19-cv-04405-WHO<br><br>(Related Case No. 3:16-cv-04294-WHO)<br>(Related Case No. 3:16-cv-06863-WHO)<br><br>**INTERVENOR THE KLAMATH TRIBES' STATEMENT OF POSITION REGARDING PLAINTIFFS' PENDING MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: May 10, 2023<br>TIME: 2:00 p.m.<br>Videoconference<br><br>Judge: Honorable William H. Orrick |

| | |
|---|---|
| KLAMATH WATER USERS ASSOCIATION and OREGON WATER RESOURCES DEPARTMENT, | |
| Crossclaim-Defendants, | |
| and | |
| KLAMATH IRRIGATION DISTRICT, | |
| Intervenor-Defendant. | |
| KLAMATH WATER USERS ASSOCIATION, | |
| Counterclaimant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim-Defendant. | |
| OREGON WATER RESOURCES DEPARTMENT, | |
| Counterclaimant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim-Defendant. | |

On March 22, 2023, Plaintiffs filed a motion for preliminary injunction (Doc. 1117). Intervenor the Klamath Tribes (Tribes) hereby state that they take no position on the merits of that motion or on Plaintiffs' requested relief.

The Tribes note, however, that Plaintiffs' arguments in support of that motion are predicated, in part, on a fundamental misunderstanding of the requirements that the U.S. Fish and Wildlife Service (USFWS) imposed in its 2020 Biological Opinion (BiOp) on the U.S. Bureau of Reclamation (Reclamation) regarding Reclamation's management of water elevations in Upper Klamath Lake (UKL) to avoid jeopardizing critically endangered C'waam and Koptu. This error has led Plaintiffs to claim in their motion that there is a qualitative difference between Reclamation's obligations to the C'waam and Koptu under USFWS' 2020 and 2023 BiOps.

Plaintiffs are wrong.[1]

In their motion, Plaintiffs repeatedly assert that, prior to Reclamation's adoption of the 2023 Winter TOP (and prior to the issuance of the USFWS 2023 BiOp on January 13, 2023), maintaining UKL at or above an elevation of 4,142.0 feet above sea level (feet) from April 1 to May 30 of each year was merely an "aspirational guideline" rather than a "mandatory management requirement" for Reclamation. Doc. 1117 at 9-10; *see also id.* at 16 ("the focus was on various elevation *guidelines*") (emphasis added); 17 ("Reclamation began treating what the 2019 [National Marine Fisheries Service ("NMFS")] BiOp considered a UKL 'guideline' as a mandatory requirement"); 18 ("[i]nstead of treating the UKL levels as guidelines, the 2023 FWS BiOp treats them as mandatory"); 26-27 (arguing Reclamation previously treated UKL elevations as guidelines and now views them as mandatory); and 28 ("Reclamation's conversion of the UKL elevation guidelines into mandatory management directives . . ."). Yet these characterizations all ignore Term and Condition 1c of the 2020 USFWS BiOp's Incidental Take Statement ("ITS"), which mandated that Reclamation maintain UKL elevations above 4,142.0 feet in April and May. *See* USFWS 2020 BiOp at 212[2] ("These Terms and Conditions are nondiscretionary"); *id.* at 229 (Term and Condition 1c setting forth the applicable mandatory UKL elevation levels, including a minimum of 4,142.0 feet on April 1).

Because Reclamation flouted these requirements in 2020, 2021, and 2022, USFWS stated them even more plainly in the 2023 BiOp. 2023 USFWS BiOp at 218 ("Reclamation *shall* meet the following boundary conditions in UKL . . . Surface elevation above 4,142.00 feet from April 1 to May 31) (emphasis added). Contrary to Plaintiffs' flawed interpretation, however, USFWS' stronger language in its 2023 BiOp does not mark a substantive change from the mandatory UKL elevation requirements set out in the 2020 BiOp. *Compare* 2020 USFWS BiOp at 213; 2023

---

[1] Plaintiffs' confusion may be explained by Reclamation's conduct in 2020, 2021, and 2022, when it very much treated meeting the UKL elevations that USFWS mandated in the 2020 BiOp as aspirational rather than mandatory. This conduct is subject to two still-active lawsuits filed by the Tribes in the District of Oregon, both captioned *Klamath Tribes v. Bureau of Reclamation*, Case No. 1:21-cv-00556-CL and Case No. 1:22−cv−00680−CL respectively.

[2] To be consistent with the convention adopted by Plaintiffs, all citations herein to the USFWS and NMFS BiOps are to their internal pagination rather than their pdf page numbers.

USFWS BiOp at 218. The 2020 BiOp required Reclamation to maintain UKL at a minimum elevation of 4,142.0 feet during April and May and that requirement remains in the 2023 BiOp.

Plaintiffs' error stems from the fact that they have conflated a non-binding guidance concept known as the "central tendency" with the mandatory conditions USFWS imposed on Reclamation in the ITS included as part of the 2020 USFWS BiOp.[3] Plaintiffs identify the relevant ITS condition from the 2023 USFWS BiOp in their brief, Doc. 1117 at 18, but not the analogous one from the 2020 USFWS BiOp. Rather, to support their assertion that the UKL elevation requirements were previously merely guidelines, they cite page 24 of the 2019 NMFS BiOp and pages 22 and 28-29 of the 2020 USFWS BiOp. Doc. 1117 at 17, lines 22-23.[4] Yet each of these citations are to places where the BiOps discuss the "central tendency," not the ITS requirements imposed by USFWS as mandatory conditions on Reclamation to ensure compliance with its ESA obligations to the C'waam and Koptu.

Plaintiffs would be correct in calling the central tendency a guideline. As USFWS explained:

> The central tendency is based on user-defined end-of-month UKL elevations that are subsequently interpolated to daily values. This results in a generic annual hydrograph that accounts for seasonal needs of suckers, seasonal water demand for the Klamath River and Project, and end-of-season elevations intended to result in storage volumes appropriate to meet the next year's demands on UKL. This generic hydrograph is then adjusted daily, based on a normalized 60-day trailing average of raw net inflow to UKL, resulting in an adjusted central tendency. If UKL elevations drop below the adjusted central tendency, then releases to the Klamath River and winter deliveries to Area A2 are reduced until UKL elevations equal or exceed the adjusted central tendency line. Reductions to Klamath River releases due to UKL control logic may not result in flows at [Iron Gate Dam] less than the proposed minimum IGD target flows. *The adjusted central tendency is not a target to which UKL should be managed, but rather a guideline that maintains UKL elevations in line with both hydrologic conditions and the multiple demands placed upon UKL storage throughout the year*.

---

[3] The "central tendency" is a management tool Reclamation incorporated into the proposed action underpinning its Interim Operations Plan for managing Klamath Project and is described in both the 2019 NMFS BiOp and 2020 USFWS BiOp.

[4] Despite making these assertions in multiple places in its brief, these are the only citations Plaintiffs provide for them.

2020 USFWS BiOp at 17 (emphasis added). Page 24 of the 2019 NMFS BiOp, to which Plaintiffs cite, uses nearly identical language, though Plaintiffs misquote it in their brief. That is, Plaintiffs' assert that "*UKL elevations* 'are not a target to which UKL should be managed, but rather a guideline[,]'" with the internal quotation ostensibly being from page 24 of the 2019 NMFS BiOp. Doc. 1117 at 17, lines 18-19 (emphasis added). But the 2019 NMFS BiOp actually says that "[t]he *adjusted central tendency* is not a target to which UKL should be managed, but rather a guideline that maintains UKL elevations in line with both hydrologic conditions and the multiple demands placed upon UKL storage throughout the year." 2019 NMFS BiOp at 24-25 (emphasis added). The context of the discussion on pages 22 and 28-29 of the 2020 USFWS BiOp makes plain that it is the central tendency—and not the binding ITS conditions—being discussed on those pages as well.

Plaintiffs may take issue with Reclamation's Winter 2023 TOP and its decision to implement reductions in releases from UKL for the benefit of salmon in the Klamath River. But they provide no basis—for there is none—to suggest that the needs of salmon in the river have ever enjoyed a higher legal priority than the needs of critically endangered C'waam and Koptu in UKL. This Court should not be misled by Plaintiffs' erroneous description of the mandatory UKL elevation levels required by the 2020 USFWS BiOp and reiterated in the 2023 USFWS BiOp. The 2023 BiOp did not impose *new* management requirements on Reclamation. Nor did Reclamation change the state of play regarding its nondiscretionary obligation to meet specific UKL elevation levels to avoid jeopardy to C'waam and Koptu when it adopted the 2023 Winter TOP.

Dated: April 14, 2023

Respectfully submitted,

*/s/ Jeremiah D. Weiner*
Jeremiah D. Weiner
Daniel Ray (*admitted pro hac vice*)
Rosette, LLP
1415 L St., Suite 450
Sacramento, CA 95814
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
jweiner@rosettelaw.com

**Attorneys for Intervenor the Klamath Tribes**

## CERTIFICATE OF SERVICE

I am a citizen of the United States, am over the age of eighteen years, and am not a party to the within-titled action. My business address is Rosette LLP, 1415 L Street Suite 450, Sacramento, CA 95814.

On the date indicated below, I electronically filed the following:

- **INTERVENOR THE KLAMATH TRIBES' STATEMENT OF NO POSITION REGARDING PLAINTIFFS' PENDING MOTION FOR PRELIMINARY INJUNCTION**

with the United States District Court for the Northern District of California, by using the Court's CM/ECF system.

Upon the filing of the foregoing document with the Clerk of the Court using the CM/ECF system, a notification of such filing (NEF) will be transmitted to counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

Dated: April 14, 2023                                                  Respectfully submitted,

                                                                          */s/ Jeremiah D. Weiner*
Jeremiah D. Weiner
Daniel Ray (*admitted pro hac vice*)
Rosette, LLP
1415 L St., Suite 450
Sacramento, CA 95814
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
jweiner@rosettelaw.com

**Attorneys for Intervenor the Klamath Tribes**